STATE OF CONNECTICUT *v.* OTIS L. BLACK

Decided May 1, 1958

*Otis L. Black,* the defendant, pro se.

*Albert S. Bill,* state's attorney, for the state.

BY THE DIVISION. Following a court trial in Hartford, the defendant, age thirty-one years, was found guilty by the Superior Court of two crimes: robbery with violence and theft of motor vehicle. On February 7, 1957, the court imposed sentence. On the first count the defendant was ordered confined in the state prison for a term of not less than ten years and not more than twenty years. On the second count the defendant was ordered confined in the state prison for a term of five years. The sentences imposed on the two counts were ordered by the court to run concurrently with an unserved portion of a sentence of one to seven years imposed by the Superior Court June 7, 1951, at Hartford. As a result of the sentences, the defendant is now in prison for a term of not less than ten years and not more than twenty-five years.

The facts presented during trial of the defendant are as follows: The defendant and his two codefendants met a man in a restaurant and after promising to obtain whiskey and a woman for him, all four persons left the restaurant and drove to a certain street in Hartford where codefendant Payton entered into a house. Subsequently, Payton notified the victim that he was unable to procure a woman but that he could have relations with codefendant, Mary Ward for a small payment of money. The victim agreed and entered the back seat of the car with codefendant Ward, whereupon the defendant and codefendant Payton beat the victim into unconsciousness. Later the victim was thrown from the automobile and when he recovered consciousness

notified the police. The victim was robbed of his wallet containing $15, and the defendants also took his 1956 Chevrolet automobile.

When sentence was imposed, the court had before it the criminal record of the defendant as follows:

1940—committed to Connecticut School for Boys at Meriden.

September 22, 1944—Hartford Municipal Court—attempted theft from person, changed to breach of peace—Cheshire Reformatory, execution of sentence suspended and placed on probation for two years.

October 17, 1945—Hartford Municipal Court—lascivious carriage—Cheshire Reformatory.

July 24, 1946—Hartford Municipal Court—assault with a dangerous weapon, breach of peace—Cheshire Reformatory, indefinite judgment suspended.

January 27, 1948—Superior Court, Hartford County—robbery with violence—two to five years state prison; robbery with violence—two years; sentences to run consecutively.

September 14, 1950—paroled from state prison.

June 7, 1951—Superior Court, Hartford County —robbery with violence—one to seven years state prison, sentence to take effect at expiration of sentence being served.

At the time the defendant committed the crimes involved in this application, he had been on parole from the state prison for approximately one month. By his conviction in this case, he became in violation of his parole.

At the hearing before us the defendant claimed his sentence was too severe. For the crime of robbery with violence, the legislature has set a maxi-

mum of twenty-five years. This indicates the public attitude, as expressed in the statute, as to the seriousness of this offense. It is considered to be a particularly serious one. The manner in which the crime was committed shows a wilful, deliberate course of conduct without regard to the consequences to the victim. The previous criminal record of the defendant shows a pattern of violence against the person. The many opportunities afforded the defendant for correction and rehabilitation, his lack of remorse as shown in his failure to take advantage of the many chances given him on probation and parole, indicate a total lack of responsibility and respect for authority.

It is difficult to set standards and tests which will be proper and useful in considering whether a trial judge has dealt objectively with a defendant in a criminal case. Some of the factors to be considered by a trial judge are the entire make-up of the defendant, his prior criminal record and the nature of the offense committed. It is apparent in this case that all necessary factors were weighed by the sentencing judge. The nature of the punishment was not unusual in its character, nor was it so disproportionate to the offense committed as to make it excessive, harsh or too severe.

The sentence imposed in this case should stand.

Thim, Ryan and Pastore, Js., participated in this decision.