STATE OF CONNECTICUT *v.* CHARLES ARRINGTON

REVIEW DIVISION OF THE SUPERIOR COURT

Decided May 1, 1964

*Charles Arrington,* the defendant, pro se.

*Arthur T. Gorman,* state's attorney, for the state.

BY THE DIVISION. The defendant, age thirty-three, was found guilty by a jury of the charge of obtaining money by false pretenses and was sentenced to not less than two nor more than three years in the

state prison. General Statutes § 53-360 provides a penalty of not more than $500 or imprisonment of not more than three years or both.

On August 29, 1963, the defendant deposited a check for $400 in the Orange branch of the Connecticut National Bank, drawn on the account of a fictitious drawer, Dr. T. T. Elliot, and paid to a fictitious payee, Dr. Horace Kapper, which identity the defendant assumed. The defendant left $250 on account, taking the balance in cash. He was apprehended in Milford when he attempted to cash a similar check.

The defendant has a record of forgery (seven counts) in the state of New Jersey. There are warrants outstanding for the defendant from various towns in New Jersey, and a violation of parole warrant from Virginia. The defendant is on parole from state's prison in Virginia.

The defendant claims that he was suffering from amnesia when the present offense occurred. The claim of being not guilty is not considered, as it is not the function of this division to review anything other than the fairness of the sentence imposed.

The defendant insists that his sentence was harsh because the public defender did not bring out the medical aspects of the defendant's life, and that there were many intangible facts not brought out by the public defender at the time of sentencing. In reviewing the probation report, it appears that the defendant has had considerable experience in his chosen field of passing worthless checks, although at the time of his arrest for the present offense he had no known assets of any consequence. The defendant is glib, but not convincing. All the matters which he claims were not brought out by his attorney were before the sentencing judge at the time of sentencing.

Considering the nature of the offense and the prior record of the defendant, the sentence imposed was fair and must stand.

BOGDANSKI, MEYERS and LOISELLE, Js., participated in this decision.