[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
BY THE DIVISION
After trial by jury on one file, petitioner was convicted of the crime of kidnapping in the first degree in violation of General statutes 53a-92(a)(2)A; assault in the second degree in violation of 53a-60(a)(2); criminal mischief in the third degree in violation of53a-117 (a)(1)(A); unlawful restraint in the first degree in violation of 53a-95(a); and threatening in violation of53a-62(a)(1). On a second file, he was convicted of breach of the peace in violation of 53a-18(a)(1). A sentence of twenty years, execution suspended after ten years, with five years probation was imposed on the first count. A concurrent sentence of five years was imposed on the second count. On the third count, a concurrent sentence of six months consecutive to count two, but concurrent with the first count was imposed. On the fifth count, a one year sentence was imposed consecutive to counts two and three but concurrent with count one. On the breach of peace charge, a sentence of six months consecutive to counts two, three and five but concurrent with count one was imposed.
No sentence was imposed on the fourth count, the sentencing judge considering it a lesser included offense of CT Page 11637 the first count.
The total effective sentence was twenty years, execution suspended after ten years with five years probation.
The second file is related only to an April 10, 1991 charge of breach of peace and arises out of petitioner fighting and engaging in tumultuous activity in the middle of James street in Torrington.
The remaining charges involve petitioner's conduct directed against his wife on a separate date. The evidence indicates that on December 30, 1990, after petitioner and his wife had gone to bed, around 3:00 a.m. he began to accuse her of cheating on him. He then began to cut up his wife's clothing, underwear and papers from her pocketbook, including her driver's license and social security card with his knife. He then placed a pillow over her face so that she had great difficulty breathing. Next, he tied her hands and feet behind her back causing pain and discomfort to his wife. He proceeded to sit on top of her chest with his knees on her arms and repeatedly placed a knife near her mouth and chest threatening to kill her. With the knife he cut the top and bottom of his wife's lips. Again, he threatened to kill his wife and extended the threat to her family. He said that it did not matter if he went to jail and did not matter how long he would be in for, he would get out and kill her and her family.
While she was bound, petitioner placed a lighter, turned up high, near the genital area. She felt the heat, but was not certain if she was burned.
He threw the knife against the wall of the bedroom. He also lit a cigarette and threw it on the bed next to his wife who feared that the bedsheets would catch fire. Petitioner then said, "I missed you," and picked up the cigarette and put it on her chest. She moved her body causing the cigarette to fall off.
Petitioner then got into bed while his wife remained tied up. He insulted her, called her names and said that the only reason he was keeping her alive was because he wanted her to give him a ride to Waterbury to buy drugs. CT Page 11638
Between 6:00 a.m. and 6:30 a.m. petitioner cut the ropes which bound his wife. At this time he inflicted bruises to the back of her right thigh. She was not certain as to how he did it, whether by kicking her or otherwise. He then forced her to get dressed and drive him to Waterbury where he purchased drugs.
Eventually his wife contacted the police and gave them a statement detailing the above events as well as other incidents of assaultive behavior towards her.
In arguing for a reduction in sentence, petitioner's attorney stated that his client's wife, the victim, recanted her statement and denies that the events took place. She stated that she had made up the whole story so that petitioner could get help for his drug addiction.
The attorney properly stated that he was raising this point not as evidence of his client's innocence, an issue this division cannot properly consider (see state v. Arrington, 25 Conn. Sup. 246-47 (1964)), but to show that the sentence was excessive in view of the victim's attitude. The attorney stated that petitioner's wife supported him and did not want him to go to prison.
It was noted on the record, that a woman identifying herself as petitioner's wife, informed the division, by telephone, just before the hearing, that she would be unable to attend the hearing, in support of petitioner, because of a transportation problem.
Speaking on his own behalf, petitioner stated that his wife has supported him throughout. He claims that the sentence was excessive since he has no violent crimes on his record and no prior crimes involving domestic violence. He stated that he was not a violent person and his greatest problem was a long standing drug addiction.
The state's attorney argued against any reduction. He stated that the victim was traumatized and tortured by petitioner. He pointed out petitioner's extensive criminal record and argued that the sentence should be increased.
In cases where an application for review has been CT Page 11639 filed, this division is obligated to review the judgment as far as it relates to the sentence imposed, and either increase or decrease the penalty or let it stand. General statutes 51-196. The scope of review is set forth in Connecticut Practice Book 942; Kohlfuss v. Warden, 149 Conn. 692,694 (1962). A sentence should call for the minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. state v. Huey,199 Conn. 121, 131 (1986). The prime index of the gravity of a particular crime is the length of the statutorily authorized prison term that a defendant convicted of a crime may be required to serve. state v. Tucker, 219 Conn. 752, 759
(1991).
There is no doubt that the victim here supported petitioner at the time sentence was imposed, and that her recantation of the facts underlying the charge was placed before the judge. The weight to be afforded her position must be affected by the judge's conclusion that, in regard to her changed version of the facts she was a "liar and a perjurer."
Some of the factors to be considered by a trial judge in imposing sentence are the entire make-up of the defendant, his prior criminal record and the nature of the offense committed. State v. Block, 21 Conn. Sup. 384, 387
(1958).
The sentencing judge here considered all of these factors. The judge remarked on petitioner's extensive criminal record. Petitioner has over thirty prior convictions with other charges including violation of probation pending at the time of sentencing. The convictions include at least one for burglary of a private residence, carrying a gun without a permit and violation of probation. His criminal activity covers the period from 1969-1991. Petitioner's corrections record includes a number of violations.
The offenses for which petitioner was convicted were particularly brutal. His wife, rendered helpless by being painfully bound with rope, was tortured and threatened with death. CT Page 11640
With respect to petitioner himself, he has shown no remorse for his actions. He claims to be the victim due to his drug addiction. The sentencing judge could find only a flicker of hope that petitioner could rehabilitate himself.
The most serious charge for which petitioner was convicted was kidnapping in the first degree in violation of General statutes 53a-92(a)(2)(A). This is a class A felony. The penalty for a class A felony, other than murder, is not less than ten years nor more than twenty five years. General statutes 53a-35a(3). The sentence imposed here was twenty years with execution suspended after ten years. The actual period of confinement imposed was well under the maximum.
The next most serious offense was assault in the second degree in violation of 53a-60(a)(2). This involved petitioner cutting the victim on the lips with a knife. The penalty for such an offense, a class D felony, under53a-35a(6) is a term of not less than one year nor more than five years. The sentence imposed here was five years but was concurrent to the sentence on the kidnapping charge even though the cutting was a separate injury.
Reviewing the sentence imposed here in light of the scope of review set forth in Practice Book Section 942, it must be found that the sentence is inappropriate in light of the nature of the offense, the character of the offender and the need to protect the public interest. Considering petitioner's extensive criminal record, the viciousness of the crime, his character and the scant likelihood of rehabilitation, the sentence imposed is inadequate. An additional sentence of five years to be served on the first count and a consecutive concurrent sentence of five years on the second count making the total effective sentence twenty years execution suspended after fifteen years would meet the ends of justice and would constitute an appropriate sentence.
Accordingly, this matter is remanded to the Superior Court for the District of Litchfield for resentencing in accordance with General statutes 51-196.
Purtill, J.
Klaczak, J.
Stanley, J. CT Page 11641