[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 Date of Sentence August 14, 1992 Date of Application August 14, 1992 Date Application Filed September 10, 1992 Date of Decision March 23, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. Docket No. CR92-78439
Kenneth Simon, Esq., Defense Counsel, for Petitioner.
John Dropick, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After pleas of guilty defendant was convicted of sexual assault in the first degree in violation of General Statutes 53a-70(a) and, kidnapping in the first degree in violation of General Statutes 53a-92a(a)(2). A sentence of ten years was imposed on each count. The sentences were to run concurrently for a total effective sentence of ten years.
The facts underlying the conviction indicate that the victim was in Waterbury at a friend's house where she had a fight with her boyfriend. She left, hitching a ride with petitioner, who drove her to a deserted area. Petitioner then forced the victim to engage in various acts of sexual intercourse at gunpoint. The victim was then ordered to leave petitioner's vehicle. She located a nearby house and telephoned police.
Petitioner's attorney argued that the sentence was inappropriate and should be reduced. The main thrust of his argument was that petitioner was not guilty of the crimes. The attorney claimed that the victim was a prostitute with whom petitioner had an agreement for services. It was claimed that the crimes were fabricated when the agreement fell apart.
The attorney also argued that petitioner had no criminal record at the time sentence was imposed. The presentence investigation indicates that in 1979, while petitioner was serving in the army in Germany, he was convicted of rape and assault with intent to commit rape by a court martial. Petitioner served five years for this conviction. Petitioner's attorney argued that this was not a valid conviction and should not have been considered by the sentencing court.
Speaking on his own behalf petitioner stated that he was innocent. He stated that he entered a plea of guilty under the "Alford Doctrine" (North Carolina v. Alford,400 U.S. 25 (1970)) because he did not wish to expose himself to the risk of a conviction after a trial which could have resulted in a sentence well in excess of the sentence imposed. Petitioner claimed that the sentence imposed is excessive and unfair based upon the facts of the case. CT Page 3670
The state's attorney recommended that the sentence not be reduced. He argued that the crimes involved four separate assaults committed at gunpoint. Under the circumstances he claimed that the sentence was not inappropriate.
The sentence imposed here was a court indicated sentence resulting from plea bargaining. At the time of sentencing the state requested a longer sentence and defense requested a reduced sentence see Stapels v. Palten, 214 Conn. 195
(1990).
In pressing his claim for a reduction in sentence petitioner relies, to a large extent, on his claim that he is innocent of the crimes for which he was convicted.
The function of this division, however, is limited by statute and the rules of practice. This division has nothing to do with the ascertainment of guilt or innocence. It's powers are limited to a review of the sentence imposed. State v. Kohlfuss, 152, Conn. 625, 629 (1965). The claim that petitioner is not guilty cannot be considered by this division, as it is not our function to review anything other than fairness of the sentence imposed. State v. Arrington,25 Conn. Sup. 246-47 (1964).
It was also proper for the sentencing judge to consider petitioner's court martial conviction in imposing sentence. A sentencing judge is entitled to great latitude in considering matters which will assist him in imposing a sentence. State v. Huey, 199 Conn. 121, 130 (1986).
Considering all of the matters properly before the division, and in light of the scope of review mandated by Connecticut Practice Book 942, it cannot be found that the sentence imposed here is inappropriate or disproportionate.
The sentence is affirmed.
Purtill J., Klaczak, J. and Norko, J. participated in this decision. CT Page 3671